```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Abdullah Yoda,

          *Defendant.*

**Protective Order**

**15 Cr. 95 (AJN)**

Upon the application of the United States of America, with the consent of the undersigned counsel to the Government's requested relief, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that disclosure may include material that (i) affects the privacy and confidentiality of individuals; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure materials produced by the Government to the defendant or his counsel that are either designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material," absent a contrary order from the Court.

2. **Sensitive Disclosure Material.** Some of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," may contain information that identifies, or could lead to the identification of, witnesses who, according to the Government's proffer, (i) may be subject to intimidation or obstruction, and (ii) whose lives, persons, and property, as well as the

lives, persons, and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. This disclosure material or portions of this material is "sensitive" and should not be disclosed to the defendant outside the presence of defense counsel or members of the defense team. As of the date of this Order, the Government proffers that the following disclosure material is sensitive:

- Documents, videos, and other records reflecting statements of the alleged domestic-violence victim
- The alleged domestic-violence victim's medical records

The Government may, upon further review of disclosure, determine additional disclosure material is "sensitive." In the event the Government determines there are additional "sensitive" disclosure materials, it will label the materials as "Sensitive" or otherwise designate the materials as "Sensitive" in a communication to defense counsel, and to the extent a document contains both "Sensitive" materials and non-"Sensitive" materials, will provide defense counsel with both an unredacted copy of the materials and a redacted copy of the materials. Defense counsel may provide the defendant with the redacted copy of the labeled "Sensitive" disclosure material and will share the unredacted copy with the defendant only as permitted in this Order.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose the Confidential Material and Sensitive Disclosure Material without significant delay occasioned by responsiveness or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Confidential Material shall be labeled "Confidential" or otherwise designated as "Confidential" in correspondence with defense counsel, and shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties, counsel, or persons listed in Paragraph 6 of this Order have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

6. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel;

(b) Prospective witnesses for purposes of defending this action.

7. Sensitive Disclosure Material shall be labeled "Sensitive" or otherwise designated as "Sensitive" in correspondence with defense counsel, and may be disclosed only to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the defendant, subject to the following limitations:

(a) The defendant may review unredacted Sensitive Disclosure Material only in the presence of counsel or any other person authorized to receive Sensitive Disclosure Material; for the avoidance of doubt, counsel may exhibit Sensitive Disclosure Material remotely to the defendant by videoconference software (or similar technological means that do not require transmitting an electronic copy to the defendant);

3

(b) The defendant may not copy or otherwise record unredacted Sensitive Disclosure Material; and

(c) The defendant may not keep unredacted Sensitive Disclosure Material or a copy of such material outside the presence of counsel, including in any prison facility.

8. The Government may authorize, in writing, disclosure of Confidential Material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. Should a dispute arise regarding whether the Government has properly designated any disclosure material as "Confidential" or "Sensitive," the Government shall confer with defense counsel in an attempt to resolve the dispute. Any unresolved dispute shall be promptly brought to the attention of the Court by the defendant for resolution. Until any such dispute is resolved, defense counsel will continue to treat the disclosure material in dispute as "Confidential" or "Sensitive," as the case may be, in accordance with the terms of this Order.

**Return or Destruction of Material**

11. Subject to the governing Rules of Professional Conduct, except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or

take reasonable steps to securely destroy or delete all disclosure material, including any seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. For the avoidance of doubt, nothing in this Order shall require counsel to destroy work product or other materials incorporating disclosure material.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed any disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a list of such persons.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    Acting United States Attorney

by: _____/s/_____      Date: _____10/5/2020_____
    Thomas Burnett
    Assistant United States Attorney

    _____/s/_____      Date: _____10/5/2020_____
    Roberto Finzi, Esq.
    Counsel for Abdullah Yoda

SO ORDERED:

Dated: New York, New York
       October _6_, 2020

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE